In the Matter of the Accounting of HANOVER BANK, as Successor Trustee under the Will of HELEN M. HASELTINE, Deceased, Respondent. THOMAS J. MCCALLEN et al., Appellants; MARIA L. AZZONI et al., Respondents.

Appeals from a portion of a decree of the New York County Surrogate's Court entered January 23, 1952, settling the account of the Hanover Bank, as successor trustee of a trust created by the will of Helen M. Haseltine, deceased. Appellants appeal from such decree except insofar as it decreed that two claims be dismissed and directed that trustee pay from the cash principal stated sums for commissions, disbursements and Referee's services.

*Per Curiam.* This court, as well as the Referee and Surrogate, have been asked to determine conflicting claims to funds in the United States representing Prince Guardino's interest in his grandmother's estate in America. The parties are in equity and it is quite apparent that the transactions between the Prince and the appellants arose during the war in Italy and are evidenced by writings drawn by laymen. We are asked to determine whether the parties intended to create an equitable assignment in appellants to the funds or a declaration of trust in such funds. It is reasonably clear that there was no legal assignment, but in the state of facts presented we think that any and all evidence throwing light upon the intention of the parties, the consideration and the surrounding circumstances, should have been liberally received in evidence.

If the documents appellants rely on are not construed to be valid as equitable assignments, they may be held under the circumstances disclosed, to constitute valid declarations of trust as security for performance of the Prince's obligation to pay the debts incurred and accordingly enforcible against the fund in question if supported by valid consideration. The proofs of consideration now relied on are the admissions of Prince Guardino in the documents indicating that the money was loaned by Morresi to enable the Prince to live in Italy in the difficult circumstances created by the war.

At the trial, appellants offered the notes in question and respondents objected mainly on the ground that they were irrelevant. Respondents now object that there is lack of sufficient evidence of consideration. The judgment creditors have no greater rights than Prince Guardino as they stand in his shoes. The documents relied on by appellants antedate the judgments and the attachments and also antedate the death of the life beneficiary. The notes and the appellants' consideration given for the notes should, however, be established by proper proof.

In addition to the other instruments, it appears that Rospigliosi signed an instrument addressed to the bank, which was also signed by Morresi, stating: " On this occasion I also request you to transfer the said amount of One hundred fifty-one thousand ($151,000) Dollars from my account with you into a joint account in my name and in the name of Mr. Giuseppe Morresi, the son of the late Luigi. The amount of this account shall be used solely for the payment of the above mentioned notes, or shall be drawn only on the joint signatures of myself and Giuseppe Morresi."

It is said that this instrument negatives the conclusion that a trust was declared for the benefit of Morresi and his assigns, for the reason that Rospigliosi remained in control of the fund. Attention has also been directed by respondents to the rule that the designation of a fund out of which a debt is to be paid before resorting to other property of the debtor, does not constitute an appropriation. Neither of these contentions applies to the wording of the instrument providing for this bank account, which, on the contrary, is in such form as to indicate that a trust was declared. There might be force to respondents' position if the signatures of both Rospigliosi and Morresi were necessary to apply the fund to payment of notes held by Morresi. This instrument provides, however, that this account *shall* be used *solely* for the payment of these notes, unless Morresi and Rospigliosi jointly direct otherwise in writing. Morresi would have been interested adversely in making any different application of the money, and clearly would not have done so, except by way of releasing a portion of his collateral. There is no evidence that these two men did authorize in writing any different application to this fund, in which event the intention appears to be that it should be used to pay the Morresi notes and for no other purpose.

The parties are in equity and a court of equity, under the circumstances disclosed, should not finally deny appellants any right whatever in the funds without further scrutiny of the facts including the consideration that is the basis of appellants' claim which appears to be just if such consideration is adequately established.

The decree dismissing appellants' claims and directing payment to the judgment creditors should be reversed and a new trial ordered, with costs to abide the event.

Dore, J. P., Callahan and Van Voorhis, JJ., concur; Cohn and Bergan, JJ., dissent and vote to affirm.

Decree, dismissing appellants' claims and directing payment to the judgment creditors, reversed and a new trial ordered, with costs to the appellants to abide the event. Settle order on notice.